B. A. BENSON v. L. D. PANTHER ET AL.

Delivered December 18, 1897.

**Vendor's Lien—Holders of Different Notes—Rights Under Foreclosure.**

The payee of three vendor's lien notes who, after assigning one of them, forecloses the others and purchases the property at the foreclosure sale, is not entitled, in the absence of special circumstances, to have the land resold and the proceeds of sale applied ratably to the other note, which the holder seeks to enforce as a lien upon the land in his hands.

APPEAL from Titus. Tried below before Hon. J. M. TALBOT.

*S. P. Pounders,* for appellant.—When two creditors hold companion notes equally secured by the vendor's lien on a tract of land, neither can appropriate the land to the exclusion of the other, to the payment of his debt, but it should be sold and the proceeds prorated according to their respective claims. Robertson v. Guern, 50 Texas, 317; Bank v. Beard, 49 Texas, 356.

*Todd & Glass,* for appellees.

STEPHENS, ASSOCIATE JUSTICE. — Appellant Benson sold J. D. Blackburn a tract of land in Titus County, and to secure the payment of the purchase price took three promissory notes from Blackburn, and afterwards assigned the one sued on in this case, which was the first to mature, to appellee Panther. In order to induce him to purchase this note, about the time it fell due Blackburn executed and delivered to him another note indorsed by one Coker, but only as collateral security to the land note, Panther agreeing not to attempt to collect the former note unless he failed to collect the latter.

After the maturity of the three original notes, Benson sued Blackburn upon the remaining two held by him, obtained a judgment foreclosing his lien, and became the purchaser at the foreclosure sale. Panther attempted to intervene in that suit, but his plea of intervention, upon what ground the record does not disclose, was stricken out at the instance of Benson, and no further notice was taken of the note and lien held by Panther, except that notice was given by him at the foreclosure sale of his rights in the premises. Subsequently this suit was brought, and from a judgment against Blackburn for the amount of the land note purchased by Panther, and against Benson for the foreclosure of the vendor's lien on the land, Benson appeals.

It is first insisted that the judgment is erroneous, because it was the right of Benson to have Panther collect the collateral note instead of or before foreclosing his lien on the land. This contention is not even plausible, and hence will not be discussed, much less sustained.

The further contention urged is, that the court should have ordered the land resold and the proceeds of sale applied ratably to appellant's

judgment and appellee's debt.  The principle thus invoked is doubtless what led to appellee's attempted intervention in the original suit, but appellant, the plaintiff in that action, succeeded in having his plea of intervention stricken out, and insisted upon and obtained an exclusive foreclosure in his own behalf.  Now that his lien has thus become merged in a judgment, and he has become the owner by purchase of the land, instead of the holder of a lien thereon, and no equity is shown for setting this judgment aside, if, indeed, he seeks to have it set aside, he is not in a position to deny that he voluntarily purchased the land incumbered with a lien in favor of appellee.  It was perhaps his right, Blackburn not objecting, to have the land sold subject to appellee's lien.  For aught that appears, the land was of sufficient value to pay all the notes.

Treating appellant, then, as a purchaser, instead of lien holder, we overrule this the last contention of his brief, and affirm the judgment.

*Affirmed.*